**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――

**No. 11-4508**

―――――――

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

JOSE LANDA-ORTIZ,

                Defendant - Appellant.

―――――――

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever, III, Chief District Judge.  (5:10-cr-00267-D-1)

―――――――

Submitted:  February 9, 2012      Decided:  February 13, 2012

―――――――

Before WILKINSON, AGEE, and FLOYD, Circuit Judges.

―――――――

Affirmed by unpublished per curiam opinion.

―――――――

Leza L. Driscoll, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

―――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Landa-Ortiz appeals his thirty-month sentence for possession of contraband in prison, to wit, a shank, in violation of 18 U.S.C. §§ 1791(a)(2), (b)(3). (2006). On appeal, Landa-Ortiz contends that the district court imposed an unreasonable sentence by failing to adequately take into account his physical condition and the fact that he was subject to administrative punishment prior to sentencing. Finding no error, we affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Layton, 564 F.3d 330, 335 (4th Cir.), cert. denied, 130 S. Ct. 290 (2009). In so doing, we first examine the sentence for "significant procedural error," including "failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. We then "consider the substantive reasonableness of the sentence imposed." Id. We will presume on appeal that a sentence within a properly calculated advisory Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding presumption of reasonableness for within-Guidelines sentence).

Landa-Ortiz, who suffers from several chronic medical conditions, requested a departure pursuant to the policy statement in § 5H1.4 of the U.S. Sentencing Guidelines Manual (2010) ("USSG"). Landa-Ortiz contends the district court failed to adequately justify its conclusion that the Bureau of Prisons would be able to treat his medical conditions. "We lack the authority to review a sentencing court's denial of a downward departure unless the court failed to understand its authority to do so." United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008). In this case, the district court clearly recognized its discretion to depart. Thus, its decision to deny the departure is not reviewable on appeal.

Landa-Ortiz also requested a variant sentence based on his eight-month term in solitary confinement, which he claimed the Guidelines do not adequately address. The district court denied this request, citing the serious nature of the offense and the need to promote respect for the law and to deter other potential offenders. Our review of the record leads us to conclude that the district court sufficiently explained its sentencing determinations and imposed a sentence free of procedural error. Landa-Ortiz fails to establish that his sentence is excessive in light of the § 3553(a) factors and thus fails to rebut the presumption of substantive reasonableness

accorded to a within-Guidelines sentence. <u>United States v. Allen</u>, 491 F.3d 178, 193 (4th Cir. 2007).

Accordingly, we affirm Landa-Ortiz's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>